IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>BRANDON E. PHALY ) | CRIMINAL ACTION NO.<br>2:18cr21-MHT<br>(WO) |

OPINION AND ORDER

Defendant Brandon E. Phaly is charged with one count of production of child pornography and one count of receipt of child pornography. This case is before the court on Phaly's motion for an evaluation of his current mental condition. An on-the-record hearing was held on January 31, 2018. The court concludes that Phaly should be committed to an appropriate Bureau of Prisons (BOP) facility for evaluations of the following five matters.

I.  COMPETENCY TO STAND TRIAL

Based on the representations made by Phaly's counsel and mother at the January 31 hearing, the court has a "bona fide doubt" regarding Phaly's competency to stand trial. *See United States v. Nickels*, 324 F.3d 1250, 1252

(11th Cir. 2003). They described him as withdrawn and non-communitive, perhaps autistic or intellectually disabled.

Because there is reasonable cause to believe Phaly lacks the mental capacity (1) to understand the nature and consequences of the criminal proceedings against him or (2) to assist properly in his defense, the court finds that a psychiatric examination addressing *both* of these disjunctive factors, conducted pursuant to 18 U.S.C. §§ 4241(a) & 4247(b) & (c), is warranted to determine whether he is competent to stand trial. *See United States v. Gafford*, No. 2:17cr14, 2017 WL 3784042, at *2 (M.D. Ala. Aug. 31, 2017) (Thompson, J.) (the fact that defendant is competent as to one factor does not necessarily mean he is competent as to the other); *see also United States v. Rodman*, 233 Fed. Appx. 320 (4th Cir. 2007) (recognizing disjunctive nature of § 4241(a), and finding defendant incompetent because he was unable to properly assist in his defense, despite sufficient understanding of the charges against him); *United States*

*v. Friedman,* 366 F.3d 975 (9th Cir. 2004) (same); *United States v. Hemsi*, 901 F.2d 293 (2d Cir. 1990) (upholding finding of incompetency to stand trial, despite defendant's ability to understand the nature of the charges against him, because his courtroom behavior indicated he could not "assist properly in his defense").

If the BOP finds Phaly is mentally competent, the court asks that it address the following additional four issues.

## II. INSANITY DEFENSE

After the January 31 hearing, Phaly's counsel orally confirmed to the court that he is also concerned that, if Phaly suffers from a mental disease or defect or limitation, that disease or defect or limitation may have played a role in the commission of the alleged offense. Therefore, Phaly's counsel asked, and the court agrees, that any BOP mental-health examination should, pursuant to 18 U.S.C. § 4242, address, if possible at this time, whether Phaly was insane at the time of the offense. The

3

government does not oppose an evaluation for this purpose. This request does not reflect any position by the court as to Phaly's guilt or innocence.

III. MITIGATING SENTENCING FACTOR

Phaly is accused of engaging in sexual activity with a 14-year-old, which included recording sexual acts with and receiving sexually explicit text-messages from the minor. At the January 31 hearing, defense counsel expressed concern that, if Phaly suffers from an intellectual disability or other mental disease or defect, his intellectual age (or, perhaps in lay terms, his maturity level) may approximately equal, or may even be lower than, that of the minor's, and that, thus, while he may have been sane at the time of the offense, his intellectual age may still be a mitigating sentencing factor. At the January 31 hearing, defense asked that the BOP include this assessment in its evaluation pursuant to 18 U.S.C. § 3552(b). *See United States v. Mosley,* No. 1:10cr118, 2017 WL 4230221 *2 (M.D. Ala.

Sept. 25, 2017) (Thompson, J.) ("The court may order a study of the defendant if it desires more information than is otherwise available to it as a basis for determining the sentence to be imposed the order must specify the additional information that the court needs before determining the sentence to be imposed. 18 U.S.C. § 3552(b).") (internal quotations omitted). The court believes that, if Phaly were convicted, there would be "a compelling reason for the study to be done by" the BOP. 18 U.S.C. § 3552(b).

While this would be mitigating sentencing factor, the court hopes that the BOP could address this factor now if possible, while Phaly is in BOP custody. In other words, the court would like to avoid having to recommit Phaly to the BOP for this sentencing assessment should he be convicted. Again, this request does not reflect any position by the court as to Phaly's guilt or innocence.

## IV. TREATMENT

The government and defense counsel further ask that, if Phaly does suffer from a mental disease, defect, or limitation and should he be convicted, the BOP include in its evaluation its recommendations for treatment for him during his supervised release as part of his sentencing. Again, in the interest of efficiency (that is, to avoid having to recommit Phaly to the BOP should he be convicted), the court finds that there would be "a compelling reason" for the BOP, pursuant to 18 U.S.C. § 3552(b), to include now in its evaluation what treatment it would recommend under these circumstances. And again, this request does not reflect any position by the court as to Phaly's guilt or innocence.

## V. SEX OFFENDER RISK ASSESSMENT

Finally, at the January 31 hearing, defense counsel stated that, because of the nature of the charges, he would like for the BOP to do a "Sex Offender Risk Assessment" and include in its mental-health evaluation

6

Phaly's likelihood to commit a sexual offense in the future. Again, in the interest of efficiency (that is, to avoid having to recommit Phaly to the BOP should he be convicted), the court finds that there would be "a compelling reason" for the BOP, pursuant to 18 U.S.C. § 3552(b), to include this sentencing assessment now in its evaluation if possible. And again, this request does not reflect any position by the court as to Phaly's guilt or innocence.

\*\*\*

Accordingly, as explained in more detail above, it is ORDERED that the motion for a determination of defendant Brandon E. Phaly's mental condition (doc. no. 10) is granted as follows:

(1) Pursuant to 18 U.S.C § 4241, the United States Marshal for this district shall immediately remove defendant Phaly to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being examined by one or more qualified

psychiatrists or psychologists at the institution to assess both his competency to stand trial and his general mental state. Pursuant to 18 U.S.C. § 4247(c), the psychologists or psychologist is to conduct the necessary battery of tests to provide the court with the requisite information concerning defendant Phaly's mental capacity at this time, which shall include the following:

> (a) Defendant Phaly's personal medical and mental-health history and present symptoms;
>
> (b) A description of the psychiatric, psychological, and medical tests that were employed and their results; and,
>
> (c) The examiner's findings, opinions, and conclusions as to defendant Phaly's diagnosis and prognosis, and whether defendant Phaly's current condition is such that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense.

(2) Pursuant to 18 U.S.C. § 4242, the psychiatrist or psychologist's examination should also include whether defendant Phaly was insane at the time of the offense.

(3) Pursuant to 18 U.S.C. § 3552(b) (if defendant Phaly suffers from a disease, defect, or limitation and for the purpose of efficiency should he be convicted), the psychiatrist or psychologist's examination should now address whether disease, defect, or limitation (in particular, his intellectual disability or maturity level, as outlined above in the opinion) mitigates his culpability for the offense conduct.

(4) Pursuant to 18 U.S.C. § 3552(b) (if defendant Phaly suffers from a disease, defect, or limitation and for the purpose of efficiency should he be convicted), the psychiatrist or psychologist's examination should also include recommendations for treatment and supportive services during any supervised release.

(5) Pursuant to 18 U.S.C. § 3552(b) (if defendant Phaly suffers from a disease, defect, or limitation and assuming he will be convicted), the psychiatrist or

psychologist should conduct the Sex Offender Risk Assessment and include in his or her mental-health evaluation an assessment of defendant Phaly's likelihood of committing a sexual offense in the future.

It is further ORDERED that the statutory time periods for the evaluations and examinations requested above shall commence on the day defendant Phaly arrives at the designated institution.

It is further ORDERED that the evaluations and examinations shall be conducted in the suitable facility closest to the court, unless impracticable.

DONE, this the 20th day of February, 2018.

                                /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**