IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr21-MHT |
| | ) | (WO) |
| BRANDON E. PHALY | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue made by the defendant Brandon Phaly on March 15, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for May 21, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Phaly in a speedy trial. Defendant Phaly is currently at the Federal Medical Facility in Butner, North Carolina, where he is being

**evaluated to determine, among other things, his competency to stand trial and whether he was sane at the time of the offense.** *See* **18 U.S.C. §§ 4241(a), 4242. On March 12, 2018, the warden of the Facility requested a 60-day extension of time to complete the evaluation. After an on-the-record conference call on March 14, 2018, where neither the government nor defense counsel objected to granting the extension, the court granted the warden's request. As a result, defendant Phaly's evaluation period will end on July 5, 2018, after the current trial date of May 21, 2018. Because it is clear that trial cannot proceed until the defendant's psychological evaluation is complete, a continuance is warranted and necessary to provide time for the psychologists at Butner to finish the evaluation and allow counsel enough time to, if necessary, prepare adequately and effectively for jury selection and trial.**

Moreover, a delay for a mental-competency examination is excluded in computing the time within which trial must commence under

18 U.S.C. § 3161(h)(1)(A). And the government does not object to the continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Brandon Phaly (doc. no. 23) is granted.

(2) The jury selection and trial, now set for May 21, 2018, are reset for August 6, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 15th day of March, 2018.

                                /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**