IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
    v.                      )       2:18cr21-MHT
                            )           (WO)
BRANDON E. PHALY            )
```

OPINION AND ORDER

Defendant Brandon E. Phaly is charged with one count of production of child pornography and one count of receipt of child pornography. The underlying allegation involves recording sexual acts with a 14-year-old, and, if convicted, defendant Phaly faces a mandatory minimum sentence of 15 years incarceration.

The question before the court is whether Phaly has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). Based on two psychological evaluations, the

court finds that Phaly currently has the mental capacity to stand trial.

The question of Phaly's competency to stand trial first came to the court's attention through concerns raised by defense counsel and Phaly's mother. His mother informed the court that Phaly has suffered from a learning disorder and a speech impediment since young age, and that he receives social security disability benefits as a result. Defense counsel further described Phaly as withdrawn and non-communicative. Together, they worried Phaly may suffer from Autism or some other intellectual disability rendering him incompetent to stand trial.

In light of these concerns, the court ordered a competency-to-stand-trial evaluation at the Federal Bureau of Prisons (BOP) and held a competency hearing on July 31, 2018. *See* Competency Order (doc. no. 17). The BOP psychologist, Dr. Rebecca Barnette, diagnosed Phaly with Social Anxiety Disorder and Adjustment Disorder with Depressed Mood. *See* Psychiatric

Evaluation (doc. no. 28) at 8. These diagnoses, however, do not render Phaly incompetent. Rather, Dr. Barnette found Phaly competent to stand trial, saying "although Mr. Phaly has been diagnosed with an anxiety and adjustment disorder, these do not adversely impact his ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Psychiatric Evaluation (doc. no. 28) at 10.

After receipt of the BOP report, the court still had concerns about the possibility Phaly suffers from some sort of Autism. Accordingly, the court ordered Dr. Barnette to provide the court with a supplemental report specifically address the issue, and the defense commissioned its own expert evaluation of Phaly to do the same. Dr. Barnette found that Phaly does not suffer from Autism or Asberger's Disorder and reiterated that he is competent to stand trial. *See* Supplemental Report (doc. no. 46). Dr. David C. Ghostley, a psychologist, the defense expert, agreed

3

with Dr. Barnette's conclusions and also found that does not suffer from Autism or Asperger's Disorder. *See* Psychological Evaluation (doc. no. 45-1). Because Phaly does not suffer from Autism or Asperger's, the court's concerns about the impact of these disorders on his competency have been allayed.

Therefore, based upon the psychological evaluations by Dr. Barnette and Dr. Ghostley, and pursuant to 18 U.S.C. § 4241(a), the court concludes that Phaly is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant Brandon E. Phaly is declared mentally competent to stand trial in this case.

DONE, this the 15th day of August, 2018.

                             /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE