**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr21-MHT |
| | ) | (WO) |
| **BRANDON E. PHALY** | ) | |

**OPINION**

Defendant Brandon E. Phaly pled guilty to one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a) & (e). After pronouncing Phaly's sentence to be 15 years, the court emphasized that the sentence was wholly unfair and unjust. This opinion explains why in more detail.

Phaly's offense carries a mandatory minimum of 15 years' imprisonment. *See* 18 U.S.C. § 2251(e). At sentencing, the court accepted the parties' plea agreement and sentenced Phaly to 15 years of imprisonment followed by 10 years of supervised release. The sentence in this case is extraordinarily excessive and unreasonable, but the court had no choice but to impose it.

There are relevant mitigating factors in this case that the court must consider under 18 U.S.C. § 3553(a)(1); however, due to the mandatory minimum, the sentence does not reflect these factors.

Most strikingly, although Phaly was 25 years old at the time of the offense, he has an intellectual disability that causes him to have a mental age of 14.8 years. He created the pornographic images at issue during a sexual relationship with a 14-year-old that apparently was not coerced. He shared the images with only her, and the court heard no evidence suggesting that he intended to share them with others or that he made the images for financial gain.

For the purposes of determining his competency to stand trial in this case, Phaly underwent a thorough forensic evaluation conducted by the Bureau of Prisons (BOP), *see United States v. Phaly*, 2018 WL 3873581 (M.D. Ala. Aug. 15, 2018), and was diagnosed with social anxiety disorder and adjustment disorder with depressed mood. He has below-average intellectual

functioning with an IQ of 80, although prior evaluations put his IQ at between 60 and 70. As a child, he was diagnosed with learning disabilities and a speech impairment; as a result, he was enrolled in special educational classes starting in the first grade and was withdrawn from school in the fourth grade and subsequently home schooled. Phaly was awarded social security disability income on the basis of an intellectual disability. *See* Presentence Investigation Report (doc. no. 68) at 10. As a result of his intellectual disability and social anxiety, he has had only one job in his entire life that lasted for only one month; he reportedly could not tolerate the required social interactions.

Phaly has no adult criminal history or juvenile adjudications. The BOP forensic evaluation found that his risk of sexual recidivism is low.

In sum, the court cannot in good faith say that the sentence it was required to impose is reasonable, that it otherwise complies with the purposes of 18 U.S.C.

§ 3553(a), or that it adequately reflects the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). On the contrary, the sentence imposed in this case was "greater than necessary ... to reflect the seriousness of the offense, to promote respect for the law, ... to provide just punishment for the offense," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a), (a)(2)(A), & (a)(2)(B). Indeed, using common sense and under any reasonable notion of justice, the court believes that it was, in short, unfair and unjust. The sentence totally fails to take into consideration the substantial mitigating factors discussed above. The court felt it was, in effect, sentencing a 14-year-old child to prison for 15 years for taking pictures of another 14-year-old child.

**DONE**, this the 5th day of February, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**